```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

ALEJANDRO DEJESUS HERNANDEZ,  :   **CIVIL NO. 1:08-CV-0840**
                                         :
         Petitioner            :   (Chief Judge Kane)
    v.                                :
                                         :   (Magistrate Judge Smyser)
WARDEN, LSCI ALLENWOOD,       :
                                         :
         Respondent            :

## **REPORT AND RECOMMENDATION**

On May 6, 2008, the petitioner, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  It is recommended that the petition be dismissed.

On July 17, 1991, the petitioner was convicted in the United States District Court for the District of Virginia of conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Doc. 1, Exhibit A; United States v. Hernandez*, 977 F.2d 574, 1992 WL 250056 at *1 (4th Cir. 1992).  He was sentenced to a term of imprisonment of 324 months. *United States v. Hernandez*, 977 F.2d 574, 1992 WL 250056 at *1 (4th Cir. 1992).  The United States Court of Appeals for the Fourth Circuit affirmed the petitioner's conviction and sentence. *Id.*  The United

States Supreme Court denied a petition for a writ of certiorari. *Hernandez v. United States,* 507 U.S. 947 (1993).

The petitioner subsequently filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. *See United States v. Hernandez*, 155 F.3d 562, 1998 WL 398760 at *1 (4th Cir. 1998). That motion was denied by the trial court, and, on July 9, 1998, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the petitioner's appeal of the denial of his § 2255 motion. *Id.*

On December 27, 2001 the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court. *See Hernandez v. Zenk,* 1:01-CV-02458 (M.D.Pa.). In that case, the petitioner claimed that his sentence violates the principle set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)(holding that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt), because the jury did not determine the type or quantity of drugs involved in the conspiracy. The petitioner also claimed that this alleged *Apprendi* violation constitutes a violation of the International Covenant on Civil and Political Rights and that, in light of *Apprendi,* 21 U.S.C. § 841 is unconstitutional on its

2

face.  On April 24, 2002, the court dismissed that petition because the petitioner did not meet his burden of showing that section 2255 would be inadequate or ineffective to test the legality of his detention and, therefore, the petitioner could not bring his claims pursuant to 28 U.S.C. § 2241.  On March 3, 2004, the United States Court of Appeals for the Third Circuit affirmed the dismissal of that § 2241 petition. *Fraser v. Zenk,* 90 Fed.Appx. 428, 2004 WL 413228 (3d Cir. 2004).

In the instant petition, the petitioner claims that the sentence imposed on him exceeds the maximum penalty authorized by statute and that he is actually innocent of the sentence.  He contends that the count of the indictment of which he was convicted charged him with a conspiracy to possess with intent to distribute multiple drug types and amounts - 5 kilograms or more of cocaine, 50 grams or more of cocaine base, 10 grams or more of phencyclidine, one gram or more of lysergic acid diethylamide and a detectable amount of marijuana.  He asserts that the jury's verdict does not indicate the type of drug or drugs involved in the conspiracy.[1]  Therefore, he contends, his sentence can not lawfully exceed the maximum penalty for a conspiracy involving a

---

[1] The jury wrote "Guilty" on the verdict sheet next to the following: "Conspiracy to distribute & possession with intent to distribute 5 kilos or more of cocaine, etc. Count 1." *See Doc.1, Exhibit A.*

3

detectable amount of marijuana and the 324 month sentence imposed on him exceeds the maximum penalty for a conspiracy involving a detectable amount of marijuana.

The petitioner relies on *Edwards v. United States,* 523 U.S. 511 (1998). In *Edwards,* petitioners were charged with violating 21 U.S.C. §§ 841 & 846 by conspiring to possess with intent to distribute mixtures containing cocaine and cocaine base. *Id.* at 512-13. The district judge instructed the jury that the government must prove that the conspiracy involved measurable amounts of cocaine or cocaine base. *Id.* at 513. The jury returned a general verdict of guilty. *Id.* The district judge imposed sentences based on his finding that the petitioners' conduct involved both cocaine and crack. *Id.*

The petitioners in *Edwards* argued that the judge's sentences were unlawful because they were based upon crack. *Id.* The Supreme Court held that in the circumstances of that case the judge was authorized to determine for sentencing purposes whether crack as well as cocaine was involved in the offense-related activities. *Id.*

The Court in *Edwards* reasoned that the Sentencing Guidelines instruct the judge to determine the amount and kind of

controlled substances for which a defendant shall be held accountable and then to impose a sentence that varies depending upon amount and kind of substance involved. *Id.* at 514.  The Court concluded that "[c]onsequently, regardless of the jury's actual, or assumed, beliefs about the conspiracy, the Guidelines nonetheless require the judge to determine whether the "controlled substances" at issue - and how much of those substances - consisted of cocaine, crack or both." *Id.*

The Court in *Edwards* determined that, even if the petitioners were correct in arguing that the judge was required to assume that the jury convicted them of a conspiracy involving only cocaine, that would not make a difference because the Guidelines instruct the judge to base the sentences on the offenders' relevant conduct which includes both the conduct that constitutes the offense of conviction and conduct that is part of the same course of conduct or common scheme or plan as the offense of conviction. *Id.* at  514.  The Court concluded that the sentencing judge "would have had to determine the total amount of drugs, determine whether the drugs consisted of cocaine, crack, or both, and determine the total amount of each - regardless of whether the judge believed that petitioner's crack-related conduct was part of the 'offense of conviction,' or the judge believed that it was 'part of the same course of conduct or common scheme or plan.'"

5

*Id.* at 514-515. "The Guidelines sentencing range - on either belief - is identical." *Id.* at 515.

The Court in *Edwards* stated that "[o]f course, petitioners' statutory and constitutional claims would make a difference if it were possible to argue, say, that the sentences imposed exceeded the maximum that the statutes permit for a cocaine-only conspiracy." *Id.* at 515. "That is because a maximum sentence set by statute trumps a higher sentence set forth in the Guidelines." *Id.* However, the Court in *Edwards* pointed out that in that case the sentences imposed were within the statutory limits applicable for a cocaine-only conspiracy. *Id.* at 515. Therefore, the Court indicated that "we need not, and we do not, consider the merits of the petitioners' statutory and constitutional claims." *Id.* at 516.

The petitioner in the instant case contends that *Edwards* supports his claim because the 324 month sentence imposed on him exceeds the maximum penalty for a conspiracy involving a detectable amount of marijuana. We conclude that the petitioner can not bring his claim in a 28 U.S.C. § 2241 habeas petition.

28 U.S.C. § 2255 provides:
> A prisoner in custody under sentence of a
> court established by Act of Congress claiming the

6

> right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . . .
>
> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The type of claim that the petitioner is raising in this case is the type of claim that should be brought by way of a § 2255 motion in the district court of conviction.

To be able to bring a § 2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of § 2255, i.e. that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in § 2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate

or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a § 2255 motion in a particular case do not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition).  A motion under § 2255 is inadequate or ineffective only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting *Leguillou, supra*, 212 F.2d at 684).

28 U.S.C. § 2255 establishes a one-year statute of limitations applicable to § 2255 motions.  Also, before a second or successive § 2255 motion may be considered by the district court, it must be certified by a three judge panel of the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative" *Id.* at 538.

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a successive § 2255 motion. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey* the Court held that a defendant may not be convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant "actively employed the firearm during and in relation to the predicate crime." 516 U.S. at 150. After the *Bailey* decision the petitioner in *Dorsainvil* filed an application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal. The Third Circuit held that a prisoner who was convicted and filed his first § 2255

9

motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. 119 F.3d at 248. The Third Circuit went on to indicate that although a prisoner may not file a second § 2255 motion based on *Bailey* he may file a 28 U.S.C. § 2241 habeas corpus petition. *Id*. at 251. However, the Third Circuit cautioned that:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.

119 F.3d at 251.

The Third Circuit held that the petitioner in *Dorsainvil* may bring a § 2241 petition because to hold otherwise might result in the imprisonment of a person who had not committed a crime. *Id.*

In the instant case, the petitioner is not in a position similar to the petitioner in *Dorsainvil*. The *Edwards* decision did not change substantive law as to the elements of the criminal offenses of which the petitioner was convicted. Thus, the

10

petitioner can not credibly claim that an intervening change in the substantive law has resulted in a conviction for conduct which is no longer considered criminal.  Assuming *arguendo* that *Edwards* supports the petitioner's claim in this case, the Supreme Court's reasoning *Edwards* does not negate the petitioner's criminal conduct.

Moreover, the petitioner's claim in the instant case is really the same as claims that he presented in the prior habeas case in this court - that his sentence is invalid because the judge rather than the jury determined the identity and amount of drugs involved in the conspiracy.  The only difference is that in the prior case the petitioner relied on *Apprendi* whereas in the instant case the petitioner relies on dicta from *Edwards.*  The dicta in *Edwards* could be seen as foreshadowing the reasoning of *Apprendi* and the cases building on *Apprendi*.

To hold that § 2241 provides a mechanism for litigating the claim presented by the petitioner which claim is at this point foreclosed from review by § 2255's limitations on second or successive motions would, in the words of our Court of Appeals, "effectively eviscerate Congress's intent in amending § 2255." *Dorsainvil, supra,* 119 F.3d at 251.  The fact that the petitioner may now be barred from filing a second § 2255 motion does not

render § 2255 inadequate or ineffective to test the legality of the petitioner's detention.  Moreover, in connection with the petitioner's prior habeas case, both this court and the Third Circuit have already determined that the petitioner does not satisfy the safety-valve language of § 2255, i.e. that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention.  Accordingly, the petitioner may not present his claim in a 28 U.S.C. § 2241 habeas petition.

    Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

                                            ***/s/ J. Andrew Smyser***
                                            J. Andrew Smyser
                                            Magistrate Judge

Dated:  June 3, 2008.